IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MYRTHIS REGINA ROLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-111 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Myrthis Regina Rolland appeals the decision of the Acting Commissioner of Social Security denying her application for Period of Disability and Disability Insurance Benefits ("DIB") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

## I.      BACKGROUND

Plaintiff applied for DIB on October 28, 2014, alleging a disability onset date of May 27, 2014.  Tr. ("R."), pp. 191-97.  Plaintiff was fifty-five years old on May 27, 2014, and was fifty-eight years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration.  R. 25, 191.  Plaintiff completed high school and two years of college.  R. 223.

Plaintiff's disability application states her ability to work was limited by removal of cancerous left kidney, vertigo, hypothyroidism, and complications related to her pancreas from surgery to remove cancer.  R. 222.  In a letter dated May 19, 2017, and addressed to the Appeals Council ("AC"), Plaintiff states she is not claiming disability because of vertigo or thyroid issues, but rather nerve damage and chronic pain, and she states these conditions existed since her July 2014 kidney surgery.  R. 185-90.  Prior to her alleged disability, Plaintiff had accrued a relevant work history of nearly thirty-five years as a cashier/payroll clerk.  R. 223.

The Social Security Administration denied Plaintiff's application initially and on reconsideration.  R. 100-29.  Plaintiff requested a hearing before an ALJ, (R. 132-33), and the ALJ held a hearing on March 8, 2017.  R. 33-66.  At the hearing, the ALJ heard testimony from Plaintiff, who appeared with her attorney, as well as from Carroll Crawford, a Vocational Expert ("VE").  Id.; R. 284.  On April 21, 2017, the ALJ issued an unfavorable decision.  R. 14-29.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 27, 2014, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*), and she meets the insured status requirements of the Social Security Act through December 31, 2019.[1]

2. The claimant has the following severe impairments:  history of kidney cancer, status post nephrectomy with injury to the pancreas. (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

---

[1] The ALJ stated Plaintiff meets the insured status requirement through December 31, 2019, but the record lists the date last insured as December 31, 2018.  R. 248.  The Court need not resolve the discrepancy because the record evidence does not post-date the earlier date of 2018.

> 4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in in 20 C.F.R. § 404.1567(b), except for work requiring exposure to unprotected heights or dangerous machinery; more than occasional pushing or pulling with the left leg; or more than frequent overhead reaching with the right dominant arm.[2]  The claimant is capable of performing past relevant work as a cashier/checker and payroll clerk.  This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 404.1565).

R. 19-25.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 27, 2014, through the date of the decision, April 21, 2017.  R. 26.  When the AC denied Plaintiff's request for review of the ALJ's decision, R. 8-12, the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.   Giving a liberal construction to Plaintiff's *pro se* brief, the Court concludes Plaintiff is arguing the ALJ misrepresented or misunderstood the record and failed to properly evaluate her subjective complaints of pain.  See doc. no. 14 ("Pl.'s Br.").  The

---

[2]"Light work" is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed.  See doc. no. 19.

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff's brief consists primarily of a recitation of evidence she believes was overlooked and her interpretation of the record evidence, which conflicts with the ALJ's conclusion Plaintiff is not disabled.  See generally Pl.'s Br.  Plaintiff also generally complains she was unable to present additional evidence at the administrative hearing, and she offers medical records post-dating the ALJ's decision which she contends support her disability claim.  See id. at 24-26.  Plaintiff cites the definitions of sedentary and light work in the Code of Federal Regulations, and she generally asserts she can do neither.  Id. at 22. As discussed below, the administrative decision is supported by substantial evidence and should be affirmed.

### A.     The Court Cannot Conduct a *De Novo* Review of the Record or Consider New Evidence Which Is Not Part of the Administrative Record

Plaintiff seemingly wants the Court to revisit the issue of disability *de novo*.  The law does not allow the Court to do this.  A determination as to whether there is substantial

evidence in the record to support fact findings in a social security disability case does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner.  See Moore, 405 F.3d at 1211.

The new evidence attached to Plaintiff's brief post-dates the ALJ's decision, but pre-dates the AC's denial of review.  Because this evidence was not presented at the administrative level, it cannot be considered by the Court when determining whether the Commissioner's decision is supported by substantial evidence.  A reviewing court, when presented with new evidence that was never presented for review at the administrative level, may only consider whether the new evidence necessitates remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007); Norton v. Comm'r of Soc. Sec., 607 F. App'x 913, 917-18 (11th Cir. 2015) (*per curiam*); see also Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (evidence attached to appellant's brief not properly before the court) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (noting general principle that court's review is limited to certified administrative record)); Walters v. Barnhart, 184 F. Supp.2d 1178, 1185 (M.D. Ala. 2001) ("The plaintiff submits to the Court medical records which she did not present to the ALJ or the Appeals Council in support of her disability claim. These records are not part of the administrative record for review by this court.")

Here, Plaintiff has never asked for a sentence six remand, and even if she were requesting such, she would have to show "good cause" for failing to produce the new evidence at the administrative level.  See Ingram, 496 F.3d at 1267.  Plaintiff fails to provide

any reason for not providing the records from the Augusta Pain Center to the AC.  More importantly, Plaintiff has not established any relevance of the information to the analysis of her abilities or work-related skills or limitations because, as explained below, the ALJ did consider and discuss Plaintiff's pain in determining her RFC for light work, and she did not allege emotional distress as a basis for her alleged disability.

In sum, the new information is not properly before the Court and affords Plaintiff no basis for remand.

**B.      The RFC Determination Is Supported by Substantial Evidence**

**1.      The Sequential Evaluation Process**

The Eleventh Circuit has outlined the five-step sequential process for evaluating a claim for disability benefits as follows:

1.    Is the individual performing substantial gainful activity;

2.    Does she have a severe impairment;

3.    Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4.    Can she perform her past relevant work; and

5.    Based on her age, education, and work experience, can she perform other work of the sort found in the national economy.

Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

At step one, if the claimant is doing substantial gainful activity, the process stops, and a claimant is determined to be "not disabled."  Id.  If the claimant is not doing substantial gainful activity, the process proceeds to step two.  Id.  At step two, the regulations instruct that a severe impairment is one which significantly limits one's ability to perform "basic work activities."  20 C.F.R. § 404.1522(a) ("An impairment or combination of impairments is not severe if it does not

significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs," including, relevant to this case, physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. Id. § 404.1522(b). The ALJ determined Plaintiff had not done substantial gainful activity since the alleged onset date and identified multiple severe impairments. R. 19. Thus, the ALJ proceeded to step three.

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that her condition meets or equals a Listing. Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (per curiam); Wilkinson ex rel. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The ALJ determined Plaintiff did not meet a Listing, and Plaintiff has not contested that finding. Thus, the ALJ moved to step four.

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips, 357 F.3d at 1238. Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (per curiam). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying,

pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

Part of the formulation of the RFC includes evaluating a claimant's subjective complaints of pain.  Id. at 1239.  Plaintiff contends the ALJ did not properly consider all of the evidence related to her subjective complaints.

### 2.    The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or

nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)). However, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 404.1527(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Social Security Ruling 16-3p, clarifies

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (Mar. 16, 2016).

Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> broad rejection which is not enough to enable [the district court or this Court] to
> conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and

citations omitted).  As explained below, the ALJ properly conducted the Holt analysis and

reached the conclusion that Plaintiff's medically determinable impairments could reasonably be

expected to cause the alleged symptoms, but her subjective complaints concerning the intensity,

persistence, and limiting effects of the symptoms did not limit Plaintiff's functioning and ability

to perform light work as described in the administrative decision.

### 3.    The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints

Plaintiff argues the ALJ failed to properly consider her chronic pain and nerve damage.

A careful examination of the administrative decision demonstrates the ALJ identified multiple

reasons for discrediting Plaintiff's subjective complaints.  In conducting its review, the Court is

mindful the question is not whether the ALJ could have reasonably credited Plaintiff's

complaints, but rather, "whether the ALJ was clearly wrong to discredit" them.  Werner v.

Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam).

First, the Court rejects the argument Plaintiff was not allowed to present additional

evidence or present her side of the case at the administrative hearing.  Pl.'s Br., pp. 7, 12.

Plaintiff was represented by attorney Charles Wilkinson, III, at the hearing, and far from the "yes

or no" characterization offered by Plaintiff, the transcript reveals Plaintiff was able to offer

detailed responses to questions, including explanations of how Plaintiff's pain limited her

functioning.  See, e.g., R. 53-54 (explaining Plaintiff's efforts to control pain with medication,

prior job requirements impacted by pain, and interference with ability to concentrate caused by

pain).  The ALJ also specifically asked about the completeness of the record and whether there

was any additional information to add.  R. 34-35, 65.  There was no indication the record needed to be held open for additional information.  R. 65.

Second, the Court rejects the argument it was improper for the ALJ to consider Plaintiff's medical records as submitted because they were "only summaries of [Plaintiff's] appointments" that did not document "entire discussions."  Pl.'s Br., p. 7.  A claimant has the burden of proving her disability and is responsible for providing evidence in support of her claim.  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).  Nevertheless, "because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record."  Larry v. Comm'r of Soc. Sec., 506 F. App'x 967, 969 (11th Cir. 2013) (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).  In developing that full and fair record, the ALJ must make sure the record contains sufficient evidence to make an informed decision.  Ingram, 496 F.3d at 1269; Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984).  Plaintiff has not given any indication that other, more complete medical records exist.  The ALJ's thorough review of the records submitted demonstrates no evidentiary gap preventing the ALJ from making an informed decision.

To the extent Plaintiff's briefing suggests she has had emotional difficulties which impact her ability to work, (Pl.'s Br., p. 15), she did not identify these emotional issues as a basis for her alleged disability in her written application, (R. 222), pre-hearing brief, (R. 285), or at the hearing.  Although Plaintiff mentioned at the hearing her kidney cancer had been "overwhelming," she testified as to starting depression medicine one month prior to the hearing in 2017 and did not identify any resultant limitations on her activities or problems that were not resolved or controlled by the depression medication.  R. 38-40.  Her list of medications did not contain an anti-depressant.  R. 283.  There are no medical records in the

administrative record documenting mental health treatment.[4]   The ALJ was not required to specifically investigate or discuss a potential mental condition that was not presented, particularly as Plaintiff was represented by counsel.  Street v. Barnhart, 133 F. App'x 621, 627-28 (11th Cir. 2005) (*per curiam*).

Third, Plaintiff's argument about whether her disability claim is premised on pain and nerve damage, or the list of "ailments" identified by the ALJ, (R. 21), is a red herring.   Pl.'s Br., pp. 12-13.   In her disability application, Plaintiff states her ability to work was limited by removal of cancerous left kidney, vertigo, hypothyroidism, and complications related to her pancreas from surgery to remove cancer.  R. 222.  In her appeal of the initial denial, Plaintiff expanded upon her initial application by explaining changes in her condition since last providing information, including "severe nerve damage and severe chronic pain from surgery when they removed the cancerous kidney."  R. 272.  She listed her medications, including four for pain, and again explained she was "very limited on what I can do because of the nerve pain and severe chronic pain."  R. 278.  The ALJ was aware of Plaintiff's allegations of pain, as demonstrated by his questions at the hearing.  R. 42, 44, 47-48, 51, 53-54.  Most importantly, the ALJ recognized the "ailments" as part of his overall review of the record, but also extensively and repeatedly discussed the pain attendant and resulting from those conditions.  R. 21-23.

The ALJ started with an acknowledgment of Plaintiff's alleged disability due to kidney cancer, status post excision with injury to the pancreas, vertigo and arthritis in the back, right shoulder, and left knee.  R. 21, 41-46.  The ALJ also identified Plaintiff's complaints of

---

[4]As explained above, the records from Augusta Pain Center attached to Plaintiff's brief regarding a July 13, 2017 Psychological Diagnostic Interview cannot be considered in determining whether the administrative decision is supported by substantial evidence.  In any event, those records do not document any limitations to activity based on mental issues.  Pl.'s Br., pp. 24-25.

abdominal pain with pain starting in the upper thigh and going up her side and back down to her groin, limited ability to lift five to ten pounds, limited to thirty minutes of standing, a limited ability to walk but with no time or distance limitations provided, and impaired concentration due to pain.  R. 21, 46-49.  However, the ALJ went on to contrast those subjective complaints with the record evidence.

The ALJ identified multiple duplicative or partially duplicative exhibits, which were specifically noted as not enhancing persuasiveness based on sheer volume.  R. 21; see, e.g., R. 394-96 and R. 672-74; see also R. 22 (citing thirteen exhibits and noting "there are a lot of duplicates in these").  The ALJ discussed three treatment notes from January, February, and March 2015 revealing some degenerative activity in the spine, knees, and right shoulder, but treatment notes after March 2015 did "not mention complaints, symptoms, abnormal medical signs, abnormal imaging, or treatment for the claimant's right shoulder, spine, or knees."  R. 21, 703-05, 717-22.  The progress note from March 2015 states Plaintiff's pain "seem[s] better."  R. 719.  Likewise, the ALJ discussed Plaintiff's July 2015 report of left shoulder pain, but recognized the decreased range of motion, pain with palpation and motion, as well as left upper extremity strength limitation from pain resolved with exercise.  R. 22, 42-43.  Minimal or no treatment for an alleged disabling condition may be validly considered by an ALJ in discrediting a claimant's subjective complaints.  Castle, 557 F. App'x at 853; Gamble v. Colvin, No. 5:13-CV-01959-SLB, 2015 WL 2095064, at *6 (N.D. Ala. May 5, 2015).

The ALJ also extensively discussed the removal of Plaintiff's cancerous kidney in July 2014 and a consequent pancreatic duct leak, which was managed with a stent and JP drain.  R. 22.  The duct leak was identified in the record prior to the hearing and in the written administrative decision as a "complication of nephrectomy," as was the ensuing "chronic

14

abdominal pain".  R. 22, 285, 555, 806-10.  However, the ALJ also noted that less than a year after the kidney removal, Plaintiff appeared well-nourished, in no acute distress, and was regaining weight she lost from the surgery.  R. 22, 752-54, 818-19.

The ALJ also recognized two of Plaintiff's doctors completed a "Disability Certificate" for submission to Plaintiff's pension fund.  R. 22 (citing Exs. 14F, 15F (R. 814-27).)  However, the ALJ discounted those opinions of disability "for a long and indefinite period of time" as defined under a pension plan for multiple, valid reasons.  First, the conclusory, check-the-box opinions contain no specific functional limitations.  See, e.g., R. 823 (concluding in December 2014 Plaintiff needs "more time" to recover and will not be able to return to current job).  Second, as explained above, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  SSR 96-5p, 1996 WL 374183, at *1, 2; see also 20 C.F.R. § 404.1527(d).

The ALJ also properly relied on Plaintiff's self-reports of daily activities in assessing Plaintiff's subjective complaints.  See Dyer, 395 F.3d at 1211; 20 C.F.R. § 404.1529(c)(3)(i).  The ALJ noted Plaintiff reported a "fair range of daily activities."  R. 24.  The ALJ summarized a variety of Plaintiff's daily activities, including, among other things, occasionally feeding the pets, doing her personal care tasks (some difficulties), preparing meals, doing very little or limited cleaning, laundry and ironing, taking small strolls, driving a car, shopping, visiting friends, and going out to eat about every four or five months.  R. 24 (citing Ex. 7E (R. 259-66).)  Plaintiff disagrees with the ALJ's characterization of the level of her activities, attaching to her brief a notated copy of portions of the Function Report - Adult the ALJ referenced.  Pl.'s Br., pp. 15-21.

For example, Plaintiff faults the ALJ for not mentioning what she is unable to do: climbing stairs, arts and crafts, cooking and baking.  Pl.'s Br., p. 15.  She also complains that she only shops for her personal care items, and her husband does the grocery shopping.  Id.  She faults the ALJ for not stating that her visits with friends were "limited."  Id.  None of these things are inconsistent with what the ALJ stated in the opinion, but instead the arguments go to the weight or emphasis the ALJ placed on a particular activity.  In any event, there is no explanation for why the activities Plaintiff *cannot* do prevent her from doing the light work with restrictions the ALJ concluded Plaintiff *can* do.

"[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" so long as the Court can determine the ALJ considered Plaintiff's condition as a whole."[5]  Dyer, 395 F.3d at 1211.   The ALJ's thorough and sifting analysis of the entire record convinces this Court the ALJ did just that.  The Court cannot reweigh the evidence, as Plaintiff urges, or substitute its judgment for that of the Commissioner.  See Moore, 405 F.3d at 1211.

The ALJ carefully compared Plaintiff's subjective complaints to the objective evidence to determine whether Plaintiff's medical conditions could be expected to give rise to the level of limitations she claimed.  The ALJ acknowledged doctors had diagnosed Plaintiff's kidney cancer and resultant complications that initially caused her pain.  However, disability hinges on the functional limitations attendant to diagnoses that would prevent an individual from working,

---

[5]Plaintiff also complains the one-paragraph letter from her friend who assisted her during her post-surgery recovery was improperly ignored.  Pl.'s Br., pp. 3-4; R. 293.  The friend's statement that Plaintiff had chronic pain and nerve damage and promise to answer any additional questions was duplicative of Plaintiff's own statements and testimony, which as described above, were extensively considered by the ALJ.  See De Olazabal v. Soc. Sec. Admin., Comm'r, 579 F. App'x 827, 832 (11th Cir. 2014) (*per curiam*) ("Because [husband's Third-Party Function Report] was cumulative of other evidence in the record and, . . the ALJ properly considered the medical evidence in the record and her own testimony, the fact that the ALJ did not separately discuss the report or provide specific reasons for not relying upon it is harmless.").

not the mere existence of an impairment.  See Moore, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard."); see also Lewis v. Comm'r of Soc. Sec., 487 F. App'x 481, 483 (11th Cir. 2012) (per curiam); Wind v. Barnhart, 133 F. App'x 684, 690-91 (11th Cir. 2005) (per curiam); 20 C.F.R. § 404.1520(e)-(f).  And "the inability to engage in any substantial gainful activity by reason of any medically determinable impairment" must last or be "expected to last for a continuous period of not less than 12 months" in order to satisfy the definition of "disability."  Stone v. Commissioner of Soc. Sec. Admin., 596 F. App'x 878, 879 (11th Cir. 2015) (per curiam).  The ALJ carefully reviewed the timeline of treatment associated with Plaintiff's diagnoses and determined based on an RFC for light work with the listed restrictions, Plaintiff could return to her past relevant work.  That conclusion is supported by substantial evidence.

IV.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of May, 2019, at Augusta, Georgia.

_____

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA