IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MYRTHIS REGINA ROLLAND,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        CV 118-111
                                  )
ANDREW SAUL, Commissioner of      )
Social Security Administration,   )
                                  )
            Defendant.            )

## O R D E R

Myrthis Regina Rolland filed this case to appeal the decision of the Commissioner of Social Security denying her application for Period of Disability and Disability Insurance Benefits under the Social Security Act. On May 29, 2019, the Magistrate Judge recommended the Commissioner's final decision be affirmed, the civil action be closed, and a final judgment be entered in favor of the Commissioner. (Doc. no. 20.) The Court also instructed Plaintiff any objections to the Report and Recommendation ("R&R") had to be filed no later than June 17, 2019. (Doc. no. 21.) The Court granted Plaintiff's request for an extension of time to file objections and set the new deadline for July 17, 2019. (Doc. nos. 22, 23.) Having received no objections to the R&R by the extended deadline, the Court adopted the R&R as its opinion on July 22, 2019, and the Clerk of Court entered a judgment in favor of the Commissioner. (Doc. nos. 24, 25.)

On July 25, 2019, Plaintiff filed a motion for reconsideration, explaining she mailed her objections via certified mail on July 16, 2019, and providing United States Postal Service

tracking information showing delivery of certified mail to the Post Office Box designated for the Clerk of Court. (Doc. no. 26.) Upon inquiry to the Post Office, the Clerk of Court discovered undelivered mail, including a copy of Plaintiff's objections, which were then placed on the docket.[1] (Doc. no. 27.) The Court recognizes the objections did not reach the Court through no fault of Plaintiff, and therefore **GRANTS** the motion for reconsideration. (Doc. no. 26.) Thus, the Court **VACATES** the adoption order and judgment entered on July 22, 2019. (Doc. nos. 24, 25.)

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 27.) Plaintiff generally objects to the ultimate recommendation to affirm the Commissioner's decision and recounts her interpretation of events that occurred during the administrative hearing, emphasizing select pieces of information in the administrative record which she believes undermines the administrative decision. (See generally id.) However, as the R&R explains, the Court cannot revisit the issue of disability *de novo*. (Doc. no. 20, pp. 5-6 (citing Moore v. Barnhart, 405 F.3 1208, 1211 (11th Cir. 2005).) Plaintiff's interpretation of select evidence does not undermine the analysis in the R&R explaining the administrative decision appropriately considered the entire record and is supported by substantial evidence.

For the first time in her objections, Plaintiff requests the Court consider a remand of the case pursuant to sentence six of § 405(g). (Doc. no. 27, p. 8.) While courts have the

---

[1] The Clerk of Court failed to issue a deficiency notice even though Plaintiff did not attach, as required by Local Rule 5.1, a Certificate of Service showing the objections had been served on Defendant. The Court previously reminded Plaintiff of this service requirement and specifically provided the name and address of defense counsel. (See doc. no. 15.) Moreover, the Magistrate Judge's July 22, 2019 Order specifically informed Plaintiff she must serve a copy of her objections upon all other parties to the case. (See doc. no. 21.) All future filings must contain a Certificate of Service.

discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding district judge has discretion to decline consideration of argument not first presented to the magistrate judge); Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (*per curiam*). The Court declines to do so here.

However, even if the Court were to consider the new information, it fails to undermine the Magistrate Judge's R&R. Indeed, the Magistrate Judge acknowledged Plaintiff's new evidence and explained Plaintiff never asked for a sentence six remand, but even if she had, she would have to show "good cause" for failing to produce the new evidence at the administrative level. (Doc. no. 20, p. 6 (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007).) Plaintiff's objections do not provide the requisite good cause.

Accordingly, the Court **OVERRULES** all of Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **AFFIRMS** the Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Commissioner.

SO ORDERED this 5th day of August, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA